UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE A. BELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:17-CV-2877 JAR ) |
| TIMOTHY GOOD, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF TRANSFER

This matter is before the Court on review of the complaint filed by plaintiff Jesse A. Bell, currently an inmate at Moberly Correctional Center. Because all of the allegations in plaintiff's complaint arise out of incidents occurring during his incarceration in South Central Correctional Center in Texas County, Missouri, this case will be transferred to the United States District Court for the Western District of Missouri.

Plaintiff filed this 42 U.S.C. § 1983 claim against the following correctional officers and medical staff at South Central Correctional Center ("SCCC"), alleging violations of his constitutional rights: Timothy Good (Corrections Officer); Bradley R. Routh (Corrections Officer); Tammy Robertson (Records Officer/Classification Officer); and Dr. Ashok Chada. Plaintiff names all defendants in both their official and individual capacities.

Plaintiff alleges that on January 17, 2017 while he was incarcerated at SCCC, two inmates stole his television from his prison cell. While plaintiff was reporting the incident to a caseworker, one of the thieves attacked plaintiff with a shank, stabbing him in the face and eyebrow. Plaintiff alleges claims under § 1983 against the prison officials for failure to protect, and claims under § 1983 against the medical professionals for deliberate indifference to medical

needs. Plaintiff's claims arise entirely from the incidents and subsequent medical treatment that occurred during his incarceration in SCCC in Licking, Missouri, which is located in Texas County in the Western District of Missouri. *See* 28 U.S.C. § 105(b)(5).

Under 28 U.S.C. § 1391(b), an action of this type may be brought only in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events or omissions giving rise to plaintiff's claims occurred in the Western District of Missouri, venue is proper there. Under 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Here, the Court concludes that it is in the interest of justice to transfer this case to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 27th day of April, 2018.

*John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE